## No. 9374.

### W. O. THISTLE ET AL. vs. L. O. IROSEN ET AL.

Where a purchaser of land at execution-sale fails to comply with the requirements of law and the sheriff refuses to give him a deed and he takes no step to force him to execute one, whereby the title to the land remains on record as in the former owner and creditors of this latter execute their judgments upon the land without objection or protest the purchaser at such sale will acquire a good title.

Where no title has ever been executed and there is no record of the adjudication, there is nothing to support a petitory action.

APPEAL from the Ninth District Court, Parish of Tensas. *Dagg*, Judge *ad hoc*.

---

*Warrick Tunstall* for Plaintiffs and Appellants.

*Wade R. Young* for Defendants and Appellees.

---

The opinion of the Court was delivered by

MANNING, J. John P. Davis bought the Clifton Plantation in Tensas in 1866, giving a small cash payment and two notes of $6,000 dol-

lars each therefor. In 1872 G. M. Davis, holder of one of these notes, and Elizabeth Thistle, holder of the other, obtained judgment upon them and the property was sold under a *fi. fa.* issuing thereon, and was bought by the two creditors. Neither writ nor adjudication nor sheriff's return appears in the record, but the sheriff made a deed to G. M. Davis in 1877 of one half the plantation upon his paying half of the taxes then accrued. Mrs. Thistle did not pay the taxes upon her half and the sheriff did not execute a deed to her.

In May 1878 the tax-collector brought suit for the taxes against J. P. Davis the former owner and Mrs. Thistle the purchaser for these unpaid taxes—personal service having been made on Mrs. Thistle—and obtained judgment in regular form, upon which a *fi. fa.* issued, under which her part of the property was sold, Robert J. Walker being the purchaser to whom a title was made on September 5, 1878.

Burnett & Co. had before this obtained judgment against John P. Davis which Walker bought and issued a *fi. fa.* upon it at the same time the tax collector issued his. The price of the property did not fully pay this judgment and the taxes.

H. S. Buckner had a judgment against Walker, and Hugh Allison & Co. had another, under which a sale was made when James M. Gillespie bought the land in February 1880.

The defendant Irosen was a tenant of the land under Walker and was in possession as lessee when this suit was brought. He answered disclosing his lessor and Walker and Gillespie were afterwards brought in and are the other defendants.

The plaintiffs are the heirs of Mrs. Thistle and sue to recover the land, They allege their ownership by inheritance from their deceased mother and that tender was made of the taxes and penalties to Walker within two years from the tax sale, that an amicable partition had been made between their mother and G. M. Davis, and they sue for the half of the land that she took under that partition. The suit was brought June 9, 1882.

Gillespie denies that Mrs. Thistle ever had any title to the land—that none was executed to her—but if she had any, both hers and J. P. Davis' title was divested by the sale under the judgment for taxes in 1878 and passed to Walker, and that he holds under a sheriff's deed given after the execution of a fi. fa. against Walker. He pleads the prescription of one and two and three years.

Although there is no record of the adjudication to Mrs. Thistle in 1876 both parties argue as if one had been made, but it is certain that

there was no recorded title to this part of the land out of J. P. Davis. The title so far as the record shewed was in him up to July 1878 when Burnett & Co's *fi. fa.* was issued upon their judgment against him, under which Walker bought, at the same time buying also under the *fi. fa.* issued on the tax-collector's judgment against Mrs. Thistle. After Walker had thus bought the interests of Davis the owner of record, and of Mrs. Thistle the adjudicatee under a *fi. fa.* against Davis, a tender of the taxes and penalties was for the first time made. This tender is claimed to have been made in the autumn of 1878 or the following spring, and more than three years elapsed after the last date before this suit was filed in June 1882.

The plaintiffs are not suing to have their right of redemption (if any they have) recognised and enforced, nor do they pray to have the proceedings set aside, but they treat them as absolutely null and non-existing and bring this petitory action to recover the land and produce no title thereto recorded or unrecorded. The sole basis of their claim is an alleged adjudication that exists only in memory and of which there is not a shred of written evidence. They suffered the title of J. P. Davis to remain on the public records unchallenged, and even stood by silent when his judgment creditor seized the land as his and the sheriff sold it at public outcry. Nay more, on the same day the sheriff sold in like manner Mrs. Thistle's interest in the land, whatever it might be, to satisfy a judgment against her rendered after personal service of citation upon her.

After these laches they now demand that Walker's title acquired at this double sale be disregarded, and that Gillespie's title acquired at a sale of Walker's interest be treated as a nullity, and that their own title be declared superior to all others without producing any title whatever on paper or of which any record-evidence exists.

The lower judge refused their demand and we do not see how he could have done otherwise.

Judgment affirmed.